UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STURGIS PUBLIC SCHOOLS,
AND
STURGIS PUBLIC SCHOOLS
BOARD OF EDUCATION

    Plaintiffs,

v.

A.R.[1],

    Defendant,

Docket No.

Honorable
U.S. District Court Judge

**COMPLAINT FOR
DECLARATORY AND
EQUITABLE RELIEF**

---

Jeffrey J. Butler (P45700)
Vickie L. Coe (P72489)
Clark Hill PLC
Attorneys for Plaintiffs
212 East César E. Chávez Avenue
Lansing, Michigan 48906
jbutler@clarkhill.com
vcoe@clarkhill.com
(517) 318-3018
(517) 318-3013

---

**COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF**

**NOW COMES** Plaintiffs, Sturgis Public Schools and the Sturgis Public Schools Board of Education ("Plaintiffs" or "District"), by their respective attorneys, Jeffrey J. Butler and Vickie L. Coe of Clark Hill PLC, and file the following Complaint seeking declaratory and

---

[1] To protect the privacy rights afforded to the Student under the Individuals with Disabilities Education Act ("IDEA") and the Family Educational Rights and Privacy Act ("FERPA"), the Student is identified throughout this Complaint solely by initials.  A Motion Seal is filed contemporaneously with this Complaint.

equitable relief against the above-named Defendant. In support of this Complaint the District states the following:

**OVERVIEW**

On March 29, 2018, Defendant filed a Complaint in the Western District of Michigan against the District, the St. Joseph Intermediate School District, St. Joseph Intermediate School District Board of Education, the Michigan Department of Education, the Michigan State Board of Education and Brian Whiston, in his official capacity as State Superintendent alleging violations of the Individuals with Disabilities Education Act ("IDEA", the Michigan Administrative Rules for Special Education ("MARSE"), the Michigan Persons with Disabilities Civil Rights Act ("PWDCA"), Section 504 of the Rehabilitative Act of 1973 ("Section 504"), and Title II of the Americans with Disabilities Education Act ("ADA"). (See 1:18-cv-00358-RJJ-PJG). Defendant's March 29, 2018 Complaint was assigned to Chief Judge Robert J. Jonker. On September 14, 2018, Chief Judge Jonker issued an Order dismissing Defendant's Complaint as it related to his federal law claims without prejudice due to his failure to exhaust his administrative remedies as required under the IDEA. Chief Judge Jonker also dismissed the Defendant's state law claims without prejudice.

On December 21, 2018, Defendant re-initiated his previously dismissed complaint. (See 1:18-cv-01421-RJJ-PJG). Defendant also initiated a separate complaint against the District. (See 1:18-cv-01420-RJJ-PJG). The current action is related to Defendant's previously dismissed action, as well as the two recently initiated actions currently assigned to Chief Judge Jonker.

This action arises out of a special education due process hearing that was requested by Defendant, A.R., against the Sturgis Public Schools, the Sturgis Public Schools Board of Education, the St. Joseph Intermediate School District and the St. Joseph Intermediate School District Board of Education on January 9, 2018[2] on his own behalf ("Defendant") with the Michigan Administrative Hearing System ("MAHS").

At the time of the filing of his due process hearing request, A.R. was eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"). Prior to the due process hearing, A.R. graduated from high school with a regular high school diploma.

At its core, this dispute involves the Defendant's challenge to the District's provisions of a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). The Sturgis Public Schools is a k-12 school district. The due process hearing phase of these proceedings were conducted over the course of four days – August 20-23, 2018. On October 30, 2018, the assigned Administrative Law Judge ("ALJ") Kandra Robbins issued the Decision and Order that is the subject of this Complaint.

## BASIS FOR THE COURT'S JURISDICTION

1. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(2)(A) and, as part of its authority under 20 U.S.C. §1415(i)(2)(C)(iii), the Court has the authority to award any relief it deems appropriate, including injunctive relief under Fed.R.Civ.P.(65)(a)). (20 U.S.C. §1415(i)(2)(C)(iii)).

---

[2] Defendant, through his attorneys, filed his due process hearing request with the Michigan Administrative Hearing System on January 3, 2018. However, it was determined that the District did not receive a copy of his due process hearing request until January 9, 2018. (See generally Oder Regarding Briefing Schedule and Granting Partial Motion to Dismiss dated February 9, 2018). Because the District did not receive a copy of his due process until January 9, 2018, his hearing request is not considered actually filed until that date.

Case 1:19-cv-00064 ECF No. 1 filed 01/27/19 PageID.4 Page 4 of 14

2. Venue is proper in this Court and this Division under 20 U.S.C. §1391(b) as all Parties are residents of St. Joseph County, Michigan and the events that are the subject of this complaint took place within the jurisdiction of this Court and Division.

3. Sturgis Public Schools and the Sturgis Public Schools Board of Education have exhausted all remedies available to them under the IDEA as required by 20 U.S.C. §1415(i)(2) or exhaustion should be excused.

**NOTICE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST**

4. Plaintiffs are not a publicly-owned corporation or other publicly-owned entity and there is no parent corporation.

5. There is no publicly-owned corporation, not a party to the appeal that has a financial interest to the outcome of this litigation.

**PARTIES TO THE COMPLAINT**

6. Plaintiffs are a Michigan Public School and its Board of Education. They have the capacity to sue and be sued pursuant to §380.11a of the Revised School Code. (MCL §380.11a).

7. Defendant, A.R., is the Petitioner who filed the due process hearing request on his own behalf.

8. A.R. is 19-years-old and has a bilateral sensorineural hearing loss, which was formally diagnosed when he was 18 months old.

**GENERAL ALLEGATIONS**

9. The procedural history of this matter is set forth in greater detail in Pages 1-3 of ALJ Robbins' October 30, 2018 Decision and Order that is incorporated by reference. (Attachment A, October 30, 2018 Decision and Order).

4

10. On January 9, 2018, Defendant filed a due process hearing request on his own behalf against the Plaintiffs under the IDEA. The basis of that challenge turned on whether the Plaintiffs have provided him with a free appropriate public education ("FAPE") as defined under the IDEA. At the time the Defendant filed his due process hearing request against the District he was 18-years-old and considered the "parent" under IDEA.

11. After the Defendant's request for a due process hearing was received by the Michigan Department of Education ("MDE") and transmitted to the Michigan Administrative Hearing System ("MAHS"), ALJ Robbins was assigned to preside over the due process hearing.

12. The due process hearing was conducted on August 20-23, 2018. The sole issue for hearing was: Whether the District deprive A.R. of a free appropriate public education specifically concerning access to the curriculum and the development of language?

13. On October 30, 2018, ALJ Robbins issued her Decision and Order.

14. In her Decision and Order, ALJ Robbins erroneously determined that Defendant had established by a preponderance of the evidence that the District had failed to provide him with a FAPE particularly as it relates to language. As a result, ALJ Robbins ordered the District to pay for Defendant to attend the Southwest Collegiate Institute for the Deaf located in Big Springs, Texas. In addition to being responsible for the payment of tuition, ALJ Robbins ordered the District to pay for Defendant's room and board and travel expenses from Sturgis, Michigan to Big Springs, Texas each school year including winter and spring breaks.

**APPEAL OF THE ALJ DECISION UNDER §1415 OF IDEA**

**FIRST CLAIM FOR RELIEF – STATUTE OF LIMITATIONS**

15. Plaintiffs assert the following errors of law and fact that require that the ALJ's Decision and Order be overturn and any remedy imposed set aside:

    a. Defendant began attending MSD through an IEP that was developed on August 23, 2016 and Defendant continued to attend MSD through his graduation in June of 2018.

    b. Defendant, AR, through the Michigan Protection and Advocacy Service and the National Association of the Deaf filed the underlying request for a due process hearing on January 9, 2018.

    c. Defendant's due process hearing request purported to raise alleged violations of the IDEA back as far as twelve school years and sought relief for these alleged violations in the administrative tribunal.

    d. At the time AR's due process hearing request was filed, AR was no longer attending Plaintiffs' school and, in fact, last attended Plaintiff's school through the end of the 2015-2016 school year.

    e. Plaintiffs filed a timely response to the due process complaint under IDEA and requested, as part of the response, that the Administrative Tribunal limit Defendant's administrative claims to those that fell with the controlling IDEA two-year statute of limitations. (See generally Motion to Dismiss and Response to Petitioner's Due Process Hearing Request).

 f. More specifically, Plaintiffs requested that Administrative Law Judge Kendra Robbins ("ALJ Robbins") limit the administrative claims before the tribunal to any claims that arose two years prior to the date the due process hearing request was filed or from January 9, 2016 forward.

 g. Defendant AR did attend the Sturgis Public Schools under an Individualized Education Plan ("IEP") that was implemented through the end of the 2015-2016 school year, leaving any potential timely claim against Plaintiffs to the period between January 9, 2016 and the end of the 2015-2016 school year (less than 6 months of potential timely claims).

 h. Defendant, through his counsel, agreed that any alleged violations of IDEA that occurred after AR was placed at MDE (August 2016 through June of 2018) were not before the Tribunal and AR was not asserting any violations or seeking any relief for that period of time.

 i. Based upon the statute of limitations and AR's placement through an IEP at MSD, Plaintiffs "exposure" for timely IDEA violations was limited to the period between January 9, 2016 and June 8, 2016 (less than 6 months of potential exposure for timely claims).

 j. Prior to hearing in this case and again at the beginning of the hearing, Plaintiffs moved to limit the administrative claims and substantive proofs that would go forward to hearing to those proofs and claims that occurred after January 9, 2016.

k. Plaintiffs filed a Motion to Dismiss Defendant's claims under IDEA to those that fit within the statute of limitations.

l. In addressing the Motion to Dismiss, ALJ Robbins found and Defendant did not dispute that AR and his Parents knew or should have known of the alleged IDEA violations dating back as early as September of 2012.

m. For reasons that do not appear in the record or in the decision of the Administrative Law Judge, ALJ Robbins allowed Defendant to present evidence of alleged IDEA violations spanning Defendant AR's entire educational career at Sturgis.

n. For reasons that do not appear in the record or in the decision of the Administrative Law Judge, ALJ Robbins took specific evidence and testimony, made erroneous findings of fact and unlawfully imposed damages in the form of college tuition for alleged violations that Defendant claims occurred well before January 9, 2016.

o. This Court should overturn the ALJ Decision and Order in this case and set aside the remedy in the form of college tuition because that remedy is not justified by the facts, not supported by the law and purports to redress conduct that is well outside the IDEA statute of limitations.

16. Plaintiffs assert the following errors of law and fact that require reversal of the ALJ's Decision and Order to the extent that the ALJ failed to grant the District's Motion to

Dismiss following the Defendant's graduation from high school with a regular high school diploma:

a. On June 7, 2018, the Defendant received his regular high school diploma from the Michigan School for the Deaf ("MSD").[3]

b. Under the IDEA, graduation with a regular high school diploma terminates a student with a disability's right to receive a free appropriate public education ("FAPE").

c. On June 15, 2018, the District filed a Second Motion to Dismiss the Defendant's complaint. In its Second Motion to Dismiss, the District requested that ALJ Robbins issue an Order dismissing the Defendant's complaint on two grounds. The first ground was due to the Defendant's graduation with a regular high school diploma. The second ground was due to the fact that the remedy the Defendant was not educational services or other educational remedies that would be available under the IDEA. Rather, the Defendant was seeking college tuition or post-graduation services or "damages" that are not within the jurisdiction of the Tribunal to award. In addition to those two issues, as part of its Second Motion to Dismiss, the District again raised the statute of limitations issue and asked ALJ Robbins to reconsider her previous ruling on the issue.

d. On July 24, 2018, ALJ Robbins issued a Decision and Order denying the District's Second Motion to Dismiss. In her Decision and Order, ALJ Robbins declined to change her previous ruling on the statute of limitations issue.

---

[3] On information and belief, the Defendant met the requirements to graduate from the Michigan School for the Deaf ("MSD") in December of 2017. For reasons that are unclear to the District, MSD delayed issuance of the Defendant's diploma until June 7, 2018.

 e. In reaching her decision on the issues raised in the District's Second Motion to Dismiss, ALJ Robbins acknowledged that, because of the Defendant's graduation with a regular high school diploma, he was no longer entitled to FAPE. Without addressing, however, the District's argument that the Tribunal lacked jurisdiction to award the college tuition or post-graduation remedies being requested by Defendant, ALJ Robbins stated that compensatory education was an available remedy under the IDEA. Specifically, ALJ Robbins held that because the Defendant alleged a denial of FAPE and requested compensatory education as a remedy, she had jurisdiction over the complaint. In reaching this conclusion, ALJ Robbins did not address the specific issue that was raised by the District regarding the type of compensatory education that had been requested by the Defendant. Further, ALJ Robbins declined to reverse her previous ruling regarding the statute of limitations issue.

## SECOND CLAIM FOR RELIEF – DENIAL OF FAPE IN LRE

17. Plaintiffs assert the following errors of fact and law that require the reversal of the ALJ's Decision and Order to the extent that ALJ Robbins held that the District failed to provide the Defendant with a free appropriate public education in the least restrictive environment:

 f. ALJ Robbins incorrectly held that the District failed to provide the Defendant with a free appropriate public education because Defendant failed to learn language during his time in the District. In reaching this decision, ALJ Robbins incorrectly held that the Defendant's primary mode of communication was

American Sign Language and as such required a visual language of which the District either provided limited access to or failed to provide entirely.

g. ALJ Robbins' findings of fact regarding this issue are not supported by the record and as such renders her Decision regarding this issue incorrect. In her Decision and Order, ALJ Robbins ignores the fact that, prior to the end of the 2015-2016 school year, the Defendant's primary mode of communication as chosen by his parents was auditory/oral language, not American Sign Language. ALJ Robbins' clearly erroneous findings as to the Defendant's access to American Sign Language was the dominant factor in her reaching her decision that the District failed to provide the Defendant with a free appropriate public education and in fashioning the remedy she imposed.

h. In reaching this conclusion, ALJ Robbins ignored the District's obligation to comply with Title II of the Americans with Disabilities Education Act ("ADA") and the provisions of the IDEA that require schools to honor the parents' preference for their child's primary mode of communication.

i. In reaching her Decision, ALJ Robbins ignored the uncontroverted testimony and evidence that, with his cochlear implant and use of an FM system, the Defendant's aided hearing is within the normal to borderline range and his ability to recognize and understand speech is in the mild range.

j. In reaching her Decision, ALJ Robbins ignored the evidence and testimony that showed that, prior to December of 2016, the Defendant's Parents wanted him immersed in a typical school program with access to typically developing peers with an Interpreter who was trained in Signed Exact English. ALJ Robbins also

ignored the testimony and evidence that showed that the Defendant himself did not want an ASL interpreter and, in fact preferred to communicate through the use of oral language. Further, ALJ Robbins ignored the testimony and evidence that the Defendant would often reject the District-provided interpreters and other interventions and supports that were designed to provide him with access to communication beyond his oral language skills as well as the impact this behavior had on his ability to access and make progress in the curriculum.

k. Contrary to the well-established precedent in the Sixth Circuit and virtually every other circuit in the country, ALJ Robbins failed to recognize and defer to the recommendations of the IEP Team, Plaintiffs' staff, and the St. Joseph Intermediate School District's staff.

### THIRD CLAIM FOR RELIEF- COMPENSATORY EDUCATION

18. Plaintiffs assert the following errors of fact and law that require reversal of ALJ Robbins' Decision and Order:

    l. The District vigorously denies that it deprived the Defendant a FAPE in the LRE. Even assuming that ALJ Robbins is correct and the District did deprive the Defendant of a FAPE, the remedy she awarded must be reversed because: (1) it is inconsistent with well-established precedent pertaining to appropriate remedies for a denial of FAPE; (2) provides a remedy for alleged denials of FAPE that are outside of the statute of limitations applicable to this case; and (3) is not justified by the record.

    m. In reaching her decision that the District should be required to pay the tuition, room and board and travel expenses for the Defendant to attend the Southwest

Collegiate Institute for the Deaf in Big Springs, Texas for up to three years, ALJ Robbins has ordered the District to provide a remedy that is completely inconsistent with the evidence and testimony and is a mis-application of the law related to the award of compensatory education. . *Reid v Dist of Columbia*, 43 IDELR 32 (D.C. Cir. 2005); see also *Streck v Board of Education of the E. Greenbush Cent Sch Dist*, 52 IDELR 285 (N.D.N.Y. 2009), vacated, remanded 55 (IDELR 216 (2d Cir. 2010); *Letter to Frank*, 52 IDELR 16 (OSEP 2008); *Letter to Riffel*, 34 IDELR 292 (OSEP 2000).

## REQUESTED RELIEF

Plaintiffs, the Sturgis Public Schools and the Sturgis Public Schools Board of Education respectfully request that this Court:

A. Review the Administrative Hearing Record below and after such review, reverse the ALJ's October 30, 2018 Decision and Order to the extent that it is inconsistent with the proofs and controlling legal authorities in the areas identified in this Complaint.

B. Declare that the Sturgis Public Schools and the Sturgis Public Schools Board of Education are a prevailing party.

C. Pursuant to a properly filed Motion grant Plaintiffs' request for admission of additional evidence pursuant to 34 CFR §300.516(c) of the IDEA.

D. In the alternative, issue an Order remanding the underlying Due Process Hearing Complaint to the ALJ for a proper application of the statute of limitations and application of the law under the IDEA and corresponding legal jurisprudence.

E. Grant such other relief as the Court determines to be appropriate under IDEA.

                              Respectfully submitted,

                              CLARK HILL PLC

Dated: January 27, 2019        By:   /s/Vickie L. Coe
                                       Vickie L. Coe (P72489)
                                       Jeffrey J. Butler (P45700)
                                       Clark Hill PLC
                                       Attorneys for Plaintiffs
                                       212 East César E. Chávez Avenue
                                       Lansing, Michigan 48906
                                       jbutler@clarkhill.com
                                       vcoe@clarkhill.com
                                       (517) 318-3018
                                       (517) 318-3013